SEBASTIAN COUNTY (NATIONAL BANK OF WESTERN ARKANSAS v.). See Case No. 10,040.

---

## Case No. 12,598.

### SEBRING v. WARD.

[4 Wash. C. C. 546.] [1]

Circuit Court, Pennsylvania.[2]  Oct. Term, 1825.

COSTS—TAXATION—TRAVEL PAY OF PARTY TO ACTION—ATTENDANCE.

The clerk of the circuit court for the district of Pennsylvania cannot charge in the bill of costs any compensation for the travel and attendance of the successful party, none such being allowed in the supreme court of the state. But he ought to tax one dollar and twenty-five cents a day for the attendance of each witness, and five cents a mile for their travelling to and from the court.

[Cited in Hathaway v. Roach. Case No. 6,213.]
[Cited in Good v. Mylin, 8 Pa. St. 56; Wier v. Myers, 34 Pa. St. 379.]

In taxing the bill of costs in this case, the clerk refused to allow to the successful party any compensation for his own attendance, and for his travelling expenses, because no such allowance was, or is allowed by the laws of the state. He also refused to allow to the party's witnesses more than fifty cents for every twenty miles travelling, and the same for each day's attendance; his opinion being, that the act of the 28th of February, 1799 [1 Stat. 624], is confined to witnesses in criminal cases, who are to be paid by the United States. The counsel for the successful party now appeals to the court.

WASHINGTON, Circuit Justice. The act of congress of the 1st of March, 1793, § 4 (Ing. Dig. 384 [1 Stat. 333]), declares, that there shall be allowed and taxed in the courts of the United States, in favour of the party obtaining judgment therein, such compensation for their travel and attendance, &c. as is allowed in the supreme, or superior courts of their respective states. But as no compensation whatever is allowed in the supreme court of this state to the successful party for his travel and expense, none can, under this act, be allowed.

2. As to the allowance to witnesses, this must depend upon the true construction of the act of the 28th of February, 1799. Ing. Dig. 389. The third section of the act of the 8th of May, 1792 [1 Stat. 275], allows compensation to grand and petit jurors, and fixes it at one dollar and twenty-five cents per diem

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]
[2] [District not given.]

for attendance, and five cents for every mile going and returning; and to witnesses summoned in any of the courts of the United States, the same compensation as is allowed in the supreme court of the state where the particular court sits. The second section of the act of the 1st of June, 1796 [Id. 492], in addition to the compensation then allowed to jurors and witnesses by the above act and section, allows to each grand and petit juror for attendance fifty cents per diem, and to witnesses, for like attendance, the same sum. The ninth section of the act of the 28th of February, 1799, repeals the above two sections; and the sixth section, which is substituted for them, declares that the compensation to jurors and witnesses in the court of the United States shall be as follows, viz. to each grand and other juror, for each day he shall attend in court, one dollar and twenty-five cents, and for travelling, at the rate of five cents per mile, going and returning; and to the witnesses summoned in any court of the United States, the same allowance as is provided for jurors. Now as it has been decided in all the courts, including the supreme court of the United States, that this section in relation to jurors extends to civil as well as to criminal cases, it would seem necessarily to follow that it must equally extend to witnesses in civil cases. We are therefore of opinion that the clerk ought to allow, in the bill of costs for the witnesses of the successful party summoned in this cause, the sum mentioned in the above section for attendance and travelling.