## Case No. 13,506.

### In re STOVER et al.

[1 Curt. 93.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1851.

FEES—REPAYMENT BY UNITED STATES—ACT FEB. 28, 1799.

The eighth section of the act of February 28, 1799 (1 Stat. 626), does not direct the fees paid by the claimant to the officers of the court, to be repaid by the United States; it applies only to the costs of the prosecution, not of the defence.

William Stover, who represents the claimants of certain fishing vessels, shows by his petition that, in June, 1847, these vessels were seized and libelled in the district court of the United States for the district of Rhode Island, on account of an alleged violation of the laws of the United States; and that the petitioner having intervened, and claimed the vessels in behalf of the owners thereof, was obliged to pay to the officers of the court certain fees, growing out of their seizure, custody, and delivery on bail, and the trial of the suits instituted upon the seizures; that, by decrees of the district court, the libels were dismissed, and appeals were taken, and the causes brought to this court; that, upon a hearing by this court, the libels were dismissed, without costs to the libellants or claimants; but directing that the taxable fees of the officers of the court, in the district as well as the circuit court, in all the proceedings connected with the said seizures and since their commencement, be paid as directed by the act of congress of February 28, 1799; and, at the same time, this court granted to the officer of the United States, by whom the seizures were made, certificate of probable cause. The petitioner further alleges, that he has applied to the clerk of this court [John T. Pitman], and the other officers, to refund the money so paid by him, but they refuse, alleging that the United States has refused to pay the same to them; and the petitioner prays for an order, to compel the officers to refund to him the amount paid by him.

The petition of the clerk states substantially the same facts respecting the decree and certificate of probable cause; and that, by direction of the court, all the fees of the officers, both in the circuit and district court, connected with the said seizures, including all the fees which form the subject of Stover's petition, were taxed, and having been allowed by the court, were forwarded to the proper department at Washington for payment, on or about the 4th day of August, 1848; and that, in January, 1850, the controller of the treasury refused to allow, of the said fees, the sum of $599.30, including the fees which are the subject of Stover's pe-

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

tition, on the ground that they were not due from the United States, but were for services rendered to the claimants, and were to be borne and paid by them. That there is now due to the petitioner, for his fees, the sum of $531.30, besides the amount paid him by the said claimants; and he prays for an order to compel the claimants to pay the same.

A similar petition having been filed by Stover in the district court, touching the fees of the officers of that court in the same suits, while pending therein, it was remitted to this court, by an order of the district judge, on account of his relationship to the clerk, who is one of the parties respondent to the last mentioned petition.

CURTIS, Circuit Justice. Stover's petition rests upon the ground that, by the final decree of the circuit court, pronounced by the late Mr. Justice Woodbury, he was entitled to have the sums due to the officers of the court, for services to him as claimant in these suits, paid by the United States; and, in consequence thereof, that the officers of the court are bound to repay to him what he has heretofore advanced to them on that account. The decree of this court was in the following words:

"This cause came up upon a pro formâ decree on appeal from the district court, and was heard upon the libel, under depositions and other pleadings in the case. On consideration whereof, it was ordered, adjudged, and decreed by the court here, that the libel be, and the same is hereby, dismissed, without costs to the libellants or the claimants. And it is further ordered, that the taxable fees of the officers of the court, in the district as well as in the circuit court, in all the proceedings connected with this seizure since its commencement, be paid as directed by the act of congress of February 28, 1799. Levi Woodbury, Associate Justice of the Supreme Court. John Pitman, District Judge, United States, for Rhode Island District.

"Entered by order of court. John T. Pitman, Clerk."

The concluding clause of this decree, requiring the fees of the officers of the court to be paid as directed by the act of congress of February 28, 1799, it becomes necessary to decide, whether the fees for services rendered by the officers to the claimants are embraced within that act.

The 8th section of the act of 1799 (1 Stat. 626), is as follows: "That if any informer on a penal statute, and to whom the penalty, or any part thereof, if recovered, is directed to accrue, shall discontinue his suit or prosecution, or shall be nonsuited in the same, or if, upon trial, judgment shall be rendered in favor of the defendant, unless such informer be an officer of the United States, he shall be alone liable to the clerks, marshals, and attorneys for the fees of such prosecution; but if such an informer be an officer, whose duty it is to commence such prosecution, and the court

shall certify there was reasonable ground for the same, then the United States shall be responsible for such fees."

In these cases, the informer was a revenue officer of the United States, and the court has certified that there was reasonable ground for the prosecutions; so that the question is, whether the words, "the fees of such prosecution," extend to and include fees paid to the clerk and marshal, by the claimant, for services rendered to him in the course of the proceedings. There is nothing in the language of this section which indicates an intent to confer on the claimant any new right to recover his costs or expenses. The apparent object of the law, and the whole effect of its terms, are, to point out the party to whom the officers of the court are to look for payment of their fees for the prosecution of this class of cases. If the informer is an officer, charged with the duty of commencing such prosecutions, and he obtains from the court a certificate of probable cause, this act directs that the fees of such prosecution be paid by the United States, otherwise the informer alone is to be liable therefor. And before we can say this law imposes on the United States the payment of fees which the claimant has expended in defence of his property, we ought to find some law which gives him a right to recover those fees. Because if the claimant, under no circumstances, can have a title against any one to recover those fees, it cannot be that they were intended to be embraced within the terms of this law, which simply points out the party who is to be responsible to the officer, but gives no new right to the claimant.

Now, by the act of February 24, 1807 (2 Stat. 422), it is enacted, that when a seizure like this is made, and probable cause certified, the claimant shall not be entitled to costs, nor shall the person who made the seizure, or the prosecutor, be liable to any action, suit, or judgment, on account of such seizure and prosecution. This effectually debars the claimant from any recovery for these expenses. For, although the term costs is not identical with fees of clerk and marshal, it necessarily includes them; and if the claimant cannot recover any costs, he cannot recover these fees. And if he is not entitled to them, it is very plain they cannot be included within the 8th section of the act of 1799, for if they were, he would be entitled to them as against the United States. Moreover, the act of July 22, 1813, § 2 (3 Stat. 21), provides that, in case judgment shall pass in favor of the claimant, he shall be entitled to his property "upon paying only his own costs." I suppose it is not doubted that, pursuant to this act, he is to pay his costs, including the fees now in question; but the assumption is, that, after he has paid them,

the clerk and marshal are to claim and receive from the United States the fees thus paid to them by the claimant, and then are to repay the same to him. But, aside from the extraordinary and anomalous character of such a proceeding, and the improbability that it was intended by congress, several reasons concur to prove that the act of 1799 is not susceptible of such a construction. In the first place, the very terms, "fees of such prosecution," certainly do not naturally indicate fees incurred in the defence against such a prosecution. In the next place, the act declares that. in one event, "the informer shall be alone liable to the clerks, marshals, and attorneys, for the fees of such prosecution." Now, it is plain, the claimant is liable to the clerk and marshal for their fees, for services rendered to him in making his claim and defence. He is so on general principles, according to the case of Caldwell v. Jackson, 7 Cranch [11 U. S.] 276; and this liability is affirmed by the act of 1813, above referred to. This strongly tends to prove, that the fees of the prosecution, spoken of by the act of 1799, are not the fees paid by the claimant; for certainly it was not intended to exempt the claimant, in the first instance, from all liability therefor, and impose that liability on the informer alone. In Caldwell v. Jackson, the supreme court held, that each party is liable to the clerk for his fees, for services performed for such party, and it is immaterial to the clerk which party recovers judgment. When, therefore, the act of 1799 speaks of fees of the prosecution, for which the informer alone is to be liable to the clerk, the sound construction must be, that he is made liable for fees for services rendered to the party prosecuting, and for those only, and of course the United States are liable for the same, and none other, when, as in this case, the informer is an officer, and a certificate of probable cause is given.

I am of opinion that the decree of this court, ordering the fees of the officers to be paid as directed by the act of 1799, must be construed to refer only to the fees due from the prosecutor, and that it gave no title to the claimant, or the officers of the court, to have, from the United States, the fees paid by the claimant for services rendered to him.

His petition must therefore be dismissed; but as the terms of the decree on which he rested his petition, involved a new question of construction of the act of 1799, I shall direct that no costs be taken by either party. I shall not make any order at this time concerning the clerk's petition, understanding that none will probably be necessary, now that the respective rights of the parties are ascertained. But if the fees still remaining due shall not be paid, an attachment must issue to compel their payment.

[See Case No. 13,507.]