## Case No. 8,407.

### The LIVERPOOL PACKET.

[2 Spr. 37.] [1]

District Court, D. Massachusetts. August Term, 1861.

SALVAGE—COUNSEL FEES—RECOMMITMENT TO REFEREE—CERTAINTY OF AWARD.

1. Counsel fees cannot be allowed as part of the taxable costs, beyond the amount mentioned in Act Cong. 1853, c. 80 [10 Stat. 161].

[Cited in The Baltimore v. Rowland. 8 Wall. (75 U. S.) 392; Goodyear v. Sawyer, 17 Fed. 12.]

2. In salvage cases, counsel fees are sometimes considered by the court in estimating the amount of salvage to be given.

3. An award of a referee will not be recommitted, because the counsel for the libellants omitted to call the attention of the referee to a matter which might have influenced the referee if his attention had been called to it, to increase the amount of salvage.

4. An award, made in pursuance of a rule of court directing a referee to determine the amount due and the question of costs, is sufficiently certain if it states the amount due, and that the libellants are entitled to costs, without stating the amount of the costs.

Several suits were brought by different sets of salvors against the ship Liverpool Packet for important salvage services rendered the vessel while lying at anchor dismasted, among the Nantucket Shoals. The claimants admitted that salvage was due; and, by agreement of parties, the several suits were referred, under a rule of court, to William Dehon, Esq., to determine the amount due, and the question of costs. It was also agreed that there should be no appeal from his award. On the filing of the award in this court, the libellants moved that counsel fees be allowed as part of the taxable costs, and that, if this motion should be refused, the case should be recommitted to Mr. Dehon, to pass upon the question of allowing counsel fees as part of the salvage expenses. It was also urged, that the award was not certain, as it did not fix the amount of the costs. A note was read from Mr. Dehon, stating that, in estimating the amount of salvage, he had not taken the question of counsel fees into

1 [Reported by John Lathrop, Esq., and here reprinted by permission.]

consideration; and it was admitted that the question was not raised at the hearing before him.

G. T. Curtis, C. P. Curtis, Jr., and D. Thaxter, for libellants, cited to the point that counsel fees are allowed as a part of the costs in salvage cases, The Apollon, 9 Wheat. [22 U. S.] 362, and the records of the court in The Henry Ewbank [Case No. 7,376]; The Nathaniel Hooper [Id. 10,032].

John Lathrop, for claimants, to the point that the court had no power to allow counsel fees to be taxed as costs, cited Act 1853, c. 80 (10 Stat. 161); and, on the question of the power of the court to recommit the award, Richardson v. Lanning, 2 Dutch. [26 N. J. Law] 130; Veghte v. Hoagland, 2 Stockt. Ch. [10 N. J. Eq.] 45; Long v. Rhodes, 36 Me. 108; Wightman v. Pettis, 29 Pa. St., 283; Jones v. Boston Mill Corp., 6 Pick. 148; Fairchild v. Adams, 11 Cush. 549; Burchell v. Marsh, 17 How. [58 U. S.] 344, 349.

S. Bartlett. D. Thaxter, G. T. & C. P. Curtis, Jr., and Scudder & Randall, for the several libellants at the hearing before the referee.

F. C. Loring and John Lathrop, for claimants.

SPRAGUE, District Judge. It is not the practice in this district, in salvage cases, to allow counsel fees as a part of the taxable costs. In the case of The Henry Ewbank [supra]. and in that of The Nathaniel Hooper [supra], an agreement of counsel is on file that costs should be so awarded. These cases, therefore, are not of authority on this point. The statute of 1853 also determines what the taxable costs shall be. I have, however, frequently, in fixing the amount of salvage. included, as part of the expenses necessarily incurred by the salvors, all money paid out by them, and a reasonable amount for counsel fees. The question of the amount of the salvage is, however, in this case, discretionary with the referee; and I cannot pass upon the question whether this is a proper case for giving them. The right of appeal to me is taken away by the agreement. As to recommitting the award. I have no doubt that the court has discretionary power over awards. either to set them aside, or to recommit them; but the court will interfere with an award with great reluctance. The principal grounds for so doing are those pointed out by the counsel for the claimants; viz., fraud, collusion, or mistake. In the present case. the principal point urged is that the counsel for the libellants omitted, at the hearing, to call the referee's attention to a matter, which matter, if his attention had been directed to it, might have influenced him to increase the amount of salvage. To recommit the case on this ground. would, in my judgment, exceed the discretionary power of the court. As to the ground that the

:award is not certain because it does not fix the amount of the costs, it is sufficient to say that it states the amount of salvage and the witness fees, and that the libellants are entitled to the costs of court. This is sufficiently certain, for the amount of costs ·can be ascertained by the clerk in the usual manner.