### Case No. 7,170.

### Ex parte JAFFRAY et al.

### In re WAITE et al.

[1 Lowell, 321;[1] 2 N. B. R. 452 (Quarto, 146); 2 Am. Law T. Rep. Bankr. 77.]

District Court, D. Massachusetts. April, 1869.

Edwin H. Abbot, for petitioning creditors.

LOWELL, District Judge. The petition in this case was filed against the bankrupts by a firm whose debt was much larger than those of all other creditors together, and was founded on an alleged act of bankruptcy committed in the then recent execution of a mortgage of the entire property of the bankrupts. A jury trial was waived and a long hearing was had before me on oral evidence, which resulted in an adjudication of bankruptcy, on the ground that the mortgage was a technical fraud (Re Waite [Case No. 17,044]); and following upon this a compromise was made by the assignees with the mortgagee, by which about eight thousand dollars were paid for the benefit of the unsecured creditors, assuring them a dividend of twenty-five per cent. The case is now ready for settlement, and the petitioning creditors ask that counsel fees may be allowed them out of the estate. The assignees do not oppose, but submit their rights and duties in the premises to the decision of the court.

Two authorities are cited in support of this taxation: In re Williams [Case No. 17,-

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

704], and In re O'Hara [Id. 10,465], and none are known to me which are opposed to it; but, on the contrary, I am informed that the practice has been followed in some districts in cases which have not been reported. The reasons given in these judgments for allowing counsel fees to be paid out of the fund are convincing. A petition in invitum to have a debtor adjudged bankrupt is for the benefit of all his unsecured creditors; and a favorable decree gives them all a proportionate advantage, and the court has no power to order, as is often done in chancery, that this advantage shall depend upon their contributing to the expenses of the suit; but any creditor may carry on the proceedings if the petitioner should refuse or neglect to do so; and after adjudication all may prove their debts. In this case the fund from which the dividend will be paid is due entirely to the exertions of the petitioners in setting aside the mortgage; and in most cases, though not in this, no single creditor, nor any three or four of them, have a sufficient interest to enable them to undertake the conduct of the proceedings without positive loss of money if they cannot tax the expenses upon the fund, for those expenses will usually exceed the dividend on their debts. At the same time the promptness and secrecy which are often vital to the success of these cases, the number and various residences of the creditors, and the difficulty of combining them in any joint enterprise, present obstructions, some of which will exist in all cases, and which must tend to prevent this matter from being properly regulated by agreements among the creditors before suit brought, and to discourage a resort to the court of bankruptcy in those cases in which its jurisdiction is the most necessary and beneficial, and to put creditors at a disadvantage in their dealings with a debtor who is disposed to force them into a settlement of his own proposing. Such settlements, when fairly entered into between persons equally informed of their rights, and equally able to enforce them, are not to be discountenanced; but it is of the utmost importance that the parties to them should stand, as far as possible, on equal ground.

The strong equities of the petitioners' case are not difficult to discover; and the practice under the act of 1841 [5 Stat. 440], was to allow such a charge out of the assets, as I find by examining the records. My doubt was of my power in the premises under the fee bill of 26 Feb., 1853 (10 Stat. 161) which does not appear to sanction it, and does appear to be intended to cover the whole ground of taxation of costs at law and in equity and admiralty; and by the general orders, these petitions follow the rule of cases in equity in all matters of costs. Upon reflection I have concluded that the fee bill is probably intended to reach only taxable costs commonly so called, and may have its full effect without being construed to

take away the power of a court of equity to permit counsel fees to be taxed in those cases where a fund is in court, upon or to which different parties have distinct rights or claims, as when a trustee applies for instructions, and causes the adverse parties to interplead. In these and some other cases, in the Massachusetts practice, the statutes regulating costs are not held to have taken away the power of the courts in this matter. I have been referred to the record of a case in equity in the circuit court in which Judge Sprague, since the passage of the fee bill, ordered the counsel fees of all parties to be paid out of the fund; and Judge Kane adopted a like rule in Ex parte Plitt [Case No. 11,228]. These decisions, and those in bankruptcy already cited, fully justify me in construing the statute in the way which the equities of the case so clearly demand.

The register has reported that the fees charged are reasonable, and that full value has been received for them in the services rendered. In this opinion I concur; and considering, as I have already shown, that the dividend as well as the adjudication depended upon the result of the hearing, the petitioning creditor did the work of the assignee as well as his own; and it was so well done that no further action was needed. I shall allow the charges for retainers and those for the trial fees of two counsel as taxed; three counsel are not permitted to speak for the same party, and did not do so in this case; and I must disallow the taxation for the third counsel. Nor can I, consistently with our practice, tax the charge for reporting the evidence. It is to be hoped that the time will come when we may employ a short-hand reporter responsible to the court, as is now done in many other tribunals; for the practice would undoubtedly tend to the furtherance of economy as well as of justice. Counsel fees to be taxed.