## Case No. 7,516.

### JORDAN v. AGAWAM WOOLLEN CO.

[3 Cliff. 239.] [1]

Circuit Court, D. Massachusetts. May Term, 1869.

John D. Bell, for complainant.
J. B. Robb, for respondents.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Appeal to the court by the respondents from the taxation of costs in this case as made by the clerk. When made the appeal embraced two charges in the taxation, but, the objection to one of the charges being withdrawn, it is only necessary to inquire and determine whether the charge of three thousand one hundred and thirty-four dollars and fifty-one cents for printing the record preparatory to the final hearing is a proper charge in the taxation of costs in this suit against the respondents as the losing party. No objection is made to the amount if the complainant, as the prevailing party in an equity suit, is entitled by law to tax such expenses as costs in the suit, but the respondents contend that no part of the charge is warranted by law. Objection could not well be made to the amount, as it is conceded that it is no more than a fair remuneration for the printing of such matter, and the proof is that it does not much exceed what it would have cost to have procured the necessary number of written copies for the hearing, as appears by the report of the clerk. Respondents' objections are to the entire charge, and they frankly avow that they have taken the appeal in order to have the question settled by the court, whether anything can be taxed as costs in an equity suit, except what is specified in the fee bill prescribed in the act of congress upon that subject. 10 Stat. 161. They maintain that nothing can be taxed as costs, either in a suit at law or equity, except what is specifically authorized in that act; but the court is of a different opinion for several reasons.

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

Costs are recognized as taxable in favor of the prevailing party, in several sections of the judiciary act, but that act contains no fee bill, and affords no means of ascertaining or determining what may properly be included in this taxation. Writs and other processes are also recognized therein as essential in judicial proceedings, but the act does not prescribe forms for any such purposes, or refer to any source from which they may be derived. 1 Stat. 84, 87. Left without other provision than that provided in the judiciary act, it is quite clear that the judicial system as organized by that act could not have been administered unless the courts had assumed the responsibility of supplying the deficiencies under the authority conferred by the seventieth section of the act, to make and establish all necessary rules for the orderly conducting of business in the said courts. Id. 83. Such a resort did not to any considerable extent become necessary, as congress five days later passed the act entitled "An act to regulate processes in the courts of the United States." Id. 93. Rates of fees, as well as the forms of writs and executions, and the modes of process in the circuit and district courts, were prescribed by the second section of that act, and the provision was that they should "be the same in each state respectively as are now used or allowed in the supreme courts of the same." Fees for the travel and attendance of the prevailing party have always been taxed in the federal courts for the district under that provision, because such fees were the proper subject of taxation at the date of the passage of that act in the supreme court of the state.

Reasonable compensation also has been constantly allowed, as occasion required, in those courts for the services of auditors, referees, masters, and assessors, upon the same principle and without hesitation or objection. Proper allowance was also made for the copies of records and other necessary documents, and for the abstracts of the proofs and exhibits in equity suits even before the adoption of any rule in that behalf by the supreme court. Jurisdiction in equity in the state courts of this district was much less comprehensive at that date than under existing laws, but it is believed that the practice as here described was well known and understood in those courts as authorizing a reasonable taxation for copies, and the abstracts of the proofs and exhibits of the record. Written copies of records and abstracts of equity cases were formerly used in the supreme court, but the power of the court to require them to be printed was never doubted as derived under the seventeenth section of the judiciary act. Circuit courts possess the same power, as the words of the section are, "that all the said courts of the United States" may "make and establish all necessary rules for the orderly conducting business in said courts." Suggestion may be made that the process act referred to was a temporary act, but it was continued by subsequent acts, and made permanent by the act of the 8th of May, 1792, subject to certain important alterations in respect to the forms and modes of proceeding in suits in equity, and in those of admiralty and maritime jurisdiction. 1 Stat. 123; Id. 191; Id. 276. By the original process act the rates of fees in causes of equity and of admiralty and maritime jurisdiction were prescribed to be "the same as are or were last allowed in the states respectively in the court exercising supreme jurisdiction in such causes." Id. 94. No change was made in respect to the rates of fees taxable between party and party in such causes by the subsequent act, whereby the original process act was made permanent. Express provision is made, in the third section of the last-named act, for the fees and compensations of marshals, clerks, jurors, witnesses, and district attorneys, but no provision whatever is made regulating the fees for the travel and attendance of the party, for the services of an auditor, referee, master, or assessor, or for any taxation for copies of the case in a writ of error, appeal in equity or in admiralty, or for the abstracts of the proofs and exhibits in a final hearing in equity. Other statutory regulations upon the subject of fees were passed by congress prior to the act of the 26th of February, 1853, but none of them touch the matters herein enumerated as prescribed in the act making permanent the original process act. 1 Stat. 624. Nothing of the kind is pretended by the respondents. but they insist that every charge not expressly authorized by the act of the 26th of February, 1853, must be regarded as unwarranted, and to support that proposition they rely upon the language of the first section of the act.

Provision is there made to the effect "that in lieu of the compensation now allowed by law" to attorneys, solicitors, proctors, district-attorneys, clerks, marshals, witnesses, jurors, commissioners, and printers, "the following and no other compensation shall be taxed and allowed." Repeated decisions have established the rule that the fees and compensations enumerated in the act are exclusive of all others, and that none other as respects the officers and persons therein described can be taxed and allowed; but it is clear that neither the provisions in the act of congress nor the decisions of the courts have any respect to any matters not enumerated in the act. They do not touch the question whether the prevailing party is entitled to costs for his travel and attendance, nor whether an auditor, referee, master, or assessor is entitled to a reasonable compensation for his services, nor whether it is competent for the court by rule to require that the record in a writ of error or appeal shall be printed before trial, or to require that the record or an abstract of the proofs and exhibits in an equity suit shall be printed before the final hearing. Untouched as these matters are in the subsequent legislation of congress, the absence of any rule of court would be still regulated by the provi-

sion in the original process act, that the rates of fees in causes of equity shall be the same as are and were last allowed by the states respectively in the exercise of supreme jurisdiction in such causes. Power was conferred upon the supreme court by the sixth section of the act of the 23d of August, 1842, "to regulate the whole practice of the" district and circuit courts, and by the seventh section of the same act to make and prescribe regulations to the said courts as to the taxation and payment of costs on all suits and proceedings therein. By that section the supreme court might also "make and prescribe a table of the various items of costs which shall be taxable and allowed in all suits to the parties, their attorneys, solicitors, and proctors, to the clerk of the court, to the marshal of the district and his deputies, and other officers serving process, to witnesses, and to all other persons whose services are usually taxable in bills of costs." 5 Stat. 518. Doubtless the power therein conferred so far as respects attorneys, solicitors, proctors, clerks, and marshals, and their deputies, and all other officers and persons named in the subsequent fee-bill act is repealed; but it is a great mistake to suppose that no costs of any kind can be allowed except what are enumerated in that fee-bill. Justice could not well be administered if that was the rule; and there is nothing in any act of congress to support the proposition. Hathaway v. Roach [Case No. 6,213]; Prouty v. Draper [Id. 11,447]. Costs in equity suits are regulated by the twenty-fifth equity rule, and also by the sixty-second rule, which provides that the same solicitor, in cases where there are two or more defendants and they file separate answers, shall not be allowed cost for more than one answer, unless a master upon reference shall certify that separate answers were necessary. Rule 82 provides that the compensation to be allowed to every master in chancery for his services in any particular case shall be fixed by the circuit court in its discretion, having regard to all the circumstances thereof, and the compensation shall be charged upon and borne by such of the parties in the cause as the court shall direct. Both judges concurring, the circuit courts may make other and further rules and regulations for the practice, proceedings, etc. in their respective districts not inconsistent with the rules prescribed by the supreme court. Rule 89. Pursuant to that authority, the judges of the circuit court for this district, on the 25th of May, 1842, adopted the second additional rule, which, among other things, provides that in all causes in equity set down for a hearing, a printed copy of the whole record shall be delivered to each of the judges of the court at least seven days before the day of the hearing, . . . . "and that the costs of the printing are to be deemed costs in the cause." Prior to that date the parties had been required to furnish to each of the judges before the final hearing of the cause full "abstracts of the bill answers,—evidence in documents in the cause"; but since the adoption of that practice has been uniform to require the whole record to be printed. No doubt is entertained by the court of the legality of the rule, and, its utility having been proved by an experience of more than a quarter of a century, the court is not inclined to repeal it or to adopt any other in its place. The taxation of the clerk is sustained.