## Case No. 10,084.

### NEFF v. PENNOYER.

[3 Sawy. 335; 1 7 Chi. Leg. News, 276.]

Circuit Court, D. Oregon. April 26, 1875.

EXPENSES OF PRINTING BRIEF.

Section 918 of the Revised Statutes gives to the circuit court power to regulate the practice therein, "as may be necessary or convenient for the advancement of justice and the prevention of delay in proceedings." provided such regulation is not inconsistent with any law of the United States or rule of the supreme court: *Held*, that under this authority the court might by general rule or special order in a particular case require parties to a cause submitted to it for decision to file printed briefs, and might tax the reasonable expense of printing the brief of the prevailing party against the losing party, as a necessary disbursement.

[Cited in The Alice Tainter, Case No. 196; Simpson v. One Hundred and Ten Sticks of Hewn Timber, 7 Fed. 246; Gird v. California Oil Co., 60 Fed. 1.011.]

Appeal from taxation of costs by clerk.

John W. Whalley, for plaintiff.

H. Y. Thompson, for defendant.

DEADY, District Judge. The plaintiff in this action having obtained judgment [Case No. 10.083]. filed a statement of costs and disbursements, as provided in section 546 of

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

the Oregon Code of Civil Procedure, amounting to $86.47. The defendant objected to the item of $45 "for printing brief under the direction of the court." The clerk allowed the charge and the defendant appealed to the court. See section 547 of said Code.

In Ethridge v. Jackson [Case No. 4,541], this court held that by force of section 34 of the judiciary act [1 Stat. 92], now section 721 of the Revised Statutes, the law of the state regulating the allowance of costs and disbursements in civil actions at law was applicable to such actions in this court, unless where otherwise provided by congress.

Upon the argument of the appeal it was assumed by counsel that the allowance or rejection of the charge turned upon the construction of section 543 of the Oregon Code of Civil Procedure, which provides, that: "A party entitled to costs shall also be allowed for all necessary disbursements including the fees of officers and witnesses," etc. But this is a mistake. Section 984 of the Revised Statutes (section 20 of the act of 1853; 10 Stat. 161) prescribes what items of disbursement shall be taxed in favor of the prevailing party as follows: "The bill of fees of the clerk, marshal and attorney and the amount paid printers and witnesses * * * in cases where by law costs are recoverable in favor of the prevailing party shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party."

The Revised Statutes (section 853) prescribe a printer's fee "for publishing any notice or order required by law or the lawful order of any court * * * in any newspaper," but do not provide any compensation for printing briefs.

But section 918 gives the court power to regulate practice therein, "as may be necessary and convenient for the advancement of justice and the prevention of delay in proceedings," provided such regulation is not inconsistent with any law of the United States or rule of the supreme court. The order in this case requiring the parties to file printed briefs was an order regulating the practice in the same, within the purview of this section. The printing and filing of such briefs was deemed "necessary and convenient" for a right understanding of the case, and therefore "the advancement of justice" therein. The supreme court of this state has, by rule 28 (2 Or. 15), required printed briefs to be filed in all cases heard in that court, and it is the practice therein, to tax the costs of such briefs in favor of the prevailing party as a "necessary disbursement," by reason of such rule.

The sum paid the printer by plaintiff for printing his brief is tacitly admitted to be a reasonable one. No objection is made to it on that ground. If the expense was incurred under a lawful order of this court, it is a necessary disbursement and ought to be taxed against the defendants.

The question turns, I think, upon whether the court had power under section 918, supra, to require the plaintiff to incur the expense of printing his brief. If it had, it seems to follow as a matter of course that it can provide that such expense be taxed against the defendant as a proper and necessary disbursement in the case.

Now as to the power of the court to require the printing of the brief, there is hardly room for doubt. The order is not inconsistent with any act of congress or rule of the supreme court. It is such an one as all courts of record, in the exercise of the power inherent in them to regulate the practice before them, are accustomed to make. It rests upon the same ground as the power of the supreme court of the state to make rule 28, supra, as well as rule 24, authorizing the clerk to tax against the losing party, as part of his costs, the sum of three dollars as a compensation for recording the opinion of the court. The taxation of the clerk is affirmed, with costs.