## Case No. 2,705.

### The CHRISTOPHER COLUMBUS.

[8 Ben. 239.][1]

District Court, E. D. New York. Sept., 1875.

COLLISION IN DOCK—NEGLIGENCE—LINES—COSTS.

1. A small schooner, the C. C., moored for the winter outside another vessel at a pier in Haverstraw bay. broke adrift during a storm, and, before fresh lines were made fast so as to hold her, ran into a canal boat lying on the other side of the slip. broke her fastenings and beached her. The canal boat was not in charge of any person, and before the owner came back

---

[3] [58 How. Pr. gives "and all open."]

[1] [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

to the town had become a wreck. He made some effort to discover who did the damage, but could not find out anything for more than a year. Then he libelled the schooner: *Held*, that, upon the evidence, the schooner was in fault, not being properly fastened, and not using due diligence in getting out fresh lines when her bow fasts gave way, and therefore the libellant must recover his damages.

2. Lines, intended to hold a vessel, so fastened that they must be cast off when a strain comes upon them, are no lines.

3. Costs must be awarded the libellant, notwithstanding his delay in bringing his suit, because of the willingness shown by the claimant to keep him in ignorance as to who did the damage.

In admiralty. The schooner, Christopher Columbus, owned by parties in Haverstraw, N. Y., was laid up for the winter at a dock in Haverstraw bay. She was fastened by a bow line to the dock and other lines to a vessel inside of her. During a storm her bow line parted and she swung round so as to threaten damage to the other vessel, whereupon the other lines were cast off, and she drifted across the slip, struck a canal boat lying fastened to the pier on the other side, broke her fastenings, knocked off her cabin and did some other damage before those on board the schooner got out fresh lines to hold her. The canal boat was also laid up for the winter and was without a keeper, her captain and owner having gone to the interior of the state, and the schooner's men did not attempt to make her fast again. She gradually worked up on the beach and before spring went to pieces, no one paying attention to her. After some time the owner heard of his loss, came down to Haverstraw, and made inquiries to find who did the damage; but no one could or would give him the information till a year and seven months after the accident, when he filed a libel against the schooner to recover his damages.

R. D. Benedict and Thomas C. Campbell, for libellant.

Elliot F. Shepard, for claimant.

BENEDICT, District Judge. This is an action brought to recover for injuries to the canal boat J. P. Hewitt, caused by a collision between that vessel and the schooner Christopher Columbus, which occurred at Haverstraw in 1870. It appears that those two vessels had been laid up for the winter between a dock, called the West dock, and another called Peck's dock, at Haverstraw. The canal boat lay above West's dock, and the schooner lay above her, but on the opposite side of the slip, moored alongside another vessel, to which vessel she was fastened, as well as to Peck's Dock. On the morning of the accident a wind arose, by which the fasts of the schooner were broken and she was carried across the slip and against the canal boat, causing the injuries complained of.

Two questions of fact are raised by the evidence, upon which the liability of the schooner depends, viz.: whether the schooner was properly secured, and whether the drifting of the schooner against the canal boat could have been prevented by the exercise of due diligence, after the fasts were broken. Upon both these questions my opinion is adverse to the schooner. The evidence shows, that while the schooner had lines sufficiently strong to hold her if properly fastened, she was so fastened as to make her safety depend upon a single part of a three-inch hawser, run to a spile on the dock. There were other lines out to the schooner which lay inside, but when the headline parted it became necessary to cast them off to avoid damage to that schooner. If these lines had been run to the dock, instead of to the schooner inside, it can hardly be doubted that the vessel would not have gone adrift. Lines, so fastened that they must be cast off when the strain comes upon them, are no lines. The fact, that of the two vessels moored on the lower side of Peck's dock, only the smaller and lighter vessel broke adrift, also leads to the conclusion that some defect existed in the fastening of the lighter vessel. I find, therefore, that the drifting of the schooner was the result of negligence in omitting to have more fastenings from the schooner to the dock forward. It seems also to me that reasonable activity on the part of those upon the Columbus, when the bow line parted, would have enabled them at that late time to have run a line to the dock and thus to have held the vessel. If this be so, there is also negligence in this regard.

I must, therefore, award to the libellant his damages sustained by the collision in question, and he must also recover his costs. I should refuse him costs because of the delay in instituting his action, were it not that the evidence indicates a willingness on the part of the claimant, to say the least, that the inquiries made to ascertain the names of the parties responsible for the damage should prove unsuccessful,—as they did, according to the evidence, for a year and nine months. Decree for libellant, with order of reference to ascertain the amount.

[NOTE. For decision overruling exceptions to the commissioner's report as to damages, see Case No. 2,706.]