93 U.S. 565
 23 L.Ed. 977
 WESTERN UNION TELEGRAPH COMPANY
v.
ROGERS.
 October Term, 1876
 
 MOTION to dismiss a writ of error to the Circuit Court of the United States for the District of Nebraska.
 The judgment below was as follows:——
 It is considered and adjudged by the court that said plaintiff, Jonathan Rogers, have and recover of and from said defendant, the Western Union Telegraph Company, the sum of five thousand ($5,000) dollars and the costs of this suit, taxed at two hundred twenty and 33/100 ($220.33) dollars, and that he have execution therefor.
 Mr. Montgomery Blair for the defendant in error, in support of the motion, cited Walker v. United States, 4 Wall. 163.
 Mr. G. P. Lowrey and Mr. J. Hubley Ashton, contra.
 The question upon the present motion is, whether this is not in fact and law a judgment for $5,220.33, and, therefore, for an amount greater than $5,000.
 The costs are here ascertained, taxed, and liquidated at $220.33; and this is part of the aggregate amount for which judgment is rendered and execution awarded, and which, therefore, exceeds the jurisdictional amount of $5,000.
 It is quite inconceivable that a writ of error would be dismissed in a case where the damages amounted to $5,000, or less, and the costs as taxed, and included in the judgment, amounted to, say, $10,000, or any other very large sum.
 The principle applicable to the matter is, of course, not affected by the amount of the costs included in the judgment.
 Here is a small record of eleven or twelve pages, and the plaintiff's costs have been taxed at $220.33; and if such a judgment is not reviewable by this court under the act of 1875, it is not very easy to see how a party will ever be able to obtain relief against excessive and abusive costs in any case where the damages included in the judgment amount to $5,000, or a less sum.
 There can be no taxation of costs, except under the act of Feb. 26, 1853, which repealed absolutely all previous laws on the subject, and regulates the amount recoverable as legal costs of suit by the successful party. Lyell v. Miller, 6 McLean, 422; The Liverpool Packet, 2 Sprague, 37.
 Any taxation of costs in violation of this act (known as the Fee Bill) is error, cognizable by this court.
 The third section of the act of 1853 (now Rev. Stat., sect. 983) provides that the bills of fees of the clerk, marshal, and attorney, &c., shall be taxed in conformity with the act, and 'shall be filed with the papers in the case.'
 Where the costs are taxed and liquidated prior to or at the time of the entry of the judgment, and constitute a part of the judgment as rendered, and the whole judgment, including the damages and costs, is for a definite amount, greater than $5,000, this court, we submit, has jurisdiction, under the act of 1875, although the damages recovered may be less than $5,000.
 Very often costs are not actually taxed until after the judgment is rendered; and any general judgment for costs, without fixing the amount, would be interpreted to mean legal costs.
 In such a case, the judgment, to the extent of the costs, would not be reviewable in this court.
 The case of Walker v. United States, 4 Wall. 163, cited by defendant in error, was a judgment for 'the sum of $2,000, with interest thereon,' &c.; and the court held, that, in determining the jurisdictional sum, interest on the judgment could not be considered, because interest on a judgment can only arise after rendition, while the jurisdictional amount, if determined by the judgment, is fixed at rendition.
 Here there is a definite judgment for $5,000+$220.33 for costs; and for that aggregate amount ($5,220.33) execution is awarded against the defendant, now plaintiff in error.
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 1
 Before the act of Feb. 16, 1875 (18 Stat. 316), increasing the sum or value of the matter in dispute, necessary to give this court jurisdiction, from $2,000 to $5,000, after May 1, 1875, it was held that we had no jurisdiction in cases where the matter in dispute was $2,000, and no more, and that in determining the jurisdictional amount 'neither interest on the judgment nor costs of suit can enter into the computation.' Walker v. United States, 4 Wall. 164; Knapp v. Banks, 2 How. 73. The act of 1875 simply increases the jurisdictional amount. No other change is made in the old law. The judgment in this case was rendered May 8, 1875, for $5,000 and no more, except costs. It follows that, according to the practice established under the old law, this writ must be
 
 
 2
 Dismissed for want of jurisdiction.