## Case No. 5,249.

### GARRETSON v. CLARK et al.

[17 Blatchf. 256.] [1]

Circuit Court, N. D. New York. Oct. 30, 1879.

PRACTICE IN EQUITY — COSTS — SOLICITOR'S FEE FOR OVERRULED EXCEPTION TO MASTER'S REPORT.

An allowance is not proper, in a bill of costs, in this court, of a solicitor's fee for an overruled exception to a master's report, because, under rule 84, in equity, no standing rule has ever been made by this court on the subject, and because no allowance for such fee is found in section 824 of the Revised Statutes of the United States.

[This was a bill in equity by Oliver S. Garretson against Charles B. Clark and others for the alleged infringement of certain patents. See Cases Nos. 5,248 and 5,250.]

James A. Allen, for plaintiff.
F. A. Macomber, for defendants.

BLATCHFORD, Circuit Judge. In this case the court overruled all the exceptions taken by the plaintiff to the master's report, and awarded costs to the defendants for all proceedings upon the reference to the master

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

and subsequent thereto. [Case No. 5,248.] In the bill of costs presented by the defendants to the clerk for taxation, there was a charge of $25 for each of the exceptions overruled. The clerk declined to tax such charge. The defendants now move for an order directing the clerk to allow and tax, as a part of the defendants' costs, the sum of $25 for each of said exceptions, or such other sum therefor as shall seem reasonable and just.

In March, 1842, the supreme court promulgated rule 84 of the rules of practice for the courts of equity of the United States, in the following words: "And in order to prevent exceptions to reports from being filed for frivolous causes, or for mere delay, the party whose exceptions are overruled shall, for every exception overruled, pay costs to the other party, and for every exception allowed shall be entitled to costs, the costs to be fixed in each case by the court, by a standing rule of the circuit court." No standing rule of this court has ever been made on this subject. There is no authority for this court to impose any costs in this case, under rule 84, except in pursuance of a standing rule, previously made. Moreover, under section 823 of the Revised Statutes of the United States, which is a re-enactment of a provision in section 1 of the act of February 26, 1853 (10 Stat. 161), no other compensation to attorneys and solicitors in the United States courts can be taxed and allowed against a party to a cause than that prescribed by statute. No specific allowance of a solicitor's fee in respect of exceptions overruled is prescribed by statute, and, therefore, none can be allowed. The only fees or compensation which can be taxed in this case in favor of the defendants are what are found specifically set forth in section 824 of the Revised Statutes or some other statutory provision. The motion is, therefore, denied.