## COY *v.* PERKINS.

*(Circuit Court, D. Massachusetts. August 3, 1882.)*

COSTS—SOLICITOR'S FEES.

Where in an equity case, before any decree is rendered, an order dismissing the bill with costs is obtained, without notice to the defendant or hearing or consideration of the case by the court, the solicitor's fee of $20 will not be allowed.

Appeal from the clerk's taxation of costs in a suit in equity allowing a docket fee of $20 to the defendant's solicitor under these circumstances: At the term at which the case was entered, the parties appeared by their solicitors, and the defendant filed a demurrer to the bill. After the case had been continued for several terms, the plaintiff caused this entry to be made upon the docket: "Bill dismissed by direction of complainant."

The clerk stated his reasons for the allowance as follows:

"I based my decision solely upon the practice of the clerk's office, under which an attorney fee of $20 is taxed for the prevailing party in every equity case disposed of by order of court, otherwise than upon agreement of parties. Previously to a decision by Mr. Justice Clifford, that when an equity case is disposed of by agreement of parties the prevailing party is not entitled to an attorney fee, such fee was taxed in every equity case disposed of; but since that decision an attorney fee has not been taxed in such cases as come strictly within Judge Clifford's decision, but has been taxed in every other equity case disposed of."

The matter was submitted to the court upon the report of the clerk, and the written objections filed by the plaintiff to the allowance of this fee, without further argument.

*Causten Browne,* for plaintiff.

*R. M. Morse, Jr.,* and *R. Stone, Jr.,* for defendant.

Before GRAY and LOWELL, JJ.

GRAY, Justice.    The fee bill allows to the attorney of a prevailing party, in cases on the common-law side of the court, a docket fee of $20 on a trial by a jury or before referees; of $10, when judgment is entered without a jury; and of $5 when the case is discontinued. And the only provision that it makes for a similar fee to solicitors in equity, or to proctors in admiralty, is of the largest of these sums "on a final hearing," which it classes with a trial by a jury, or before referees at common law.    Rev. St. §§ 823, 824.

We are of opinion that upon the face of the statute the intention of the legislature is manifest that it is only where some question of law or fact, involved in or leading to the final disposition actually made of the case, has been submitted, or at least presented to the consideration of the court, that there can be said to have been a final hearing which warrants the taxation of a solicitor's or proctor's fee of $20; as, for instance, where the court, on motion and argument, dismisses for irregularity an appeal from the district court, as in the case before Mr. Justice Nelson of *Hayford* v. *Griffith,* 3 Blatchf. C. C. 79, or where the plaintiff discontinues, after the court has substantially decided the merits of the case, either by an opinion expressed at the hearing upon the merits, as in the case of *The Bay City,* before Judge Brown, 3 FED. REP. 47, or by a previous interlocutory decree, as in *Goodyear Dental Vulcanite Co.* v. *Osgood,* decided by Judge Shepley in February, 1878.

In *Howe* v. *Shumway,* October, 1865, Mr. Justice Clifford, disregarding the practice of the clerk's office, held that where by agreement of the parties a bill in equity was dismissed with costs, no solicitor's fee should be allowed.

By the settled practice in equity, the plaintiff, before any decree in the case, may obtain, as of course, an order dismissing his bill with costs.    *Curtis* v. *Lloyd,* 4 Mylne & C. 194; *Cummins* v. *Bennett,* 8 Paige, 79; 1 Daniell, Ch. Pr. (5th Am. Ed.) 790–793.

The order in the present case was entered in accordance with this practice, without notice to the defendant, or hearing or consideration of the case by the court.    The only issue which had been joined was an issue of law upon the demurrer to the bill, no evidence had been taken, and the case had not even been set down for hearing.

The clerk's taxation must therefore be modified by striking out the docket fee to the defendant's solicitor.    The statute having enacted that no other compensation than as therein provided shall be taxed

and allowed to attorneys, solicitors, and proctors, and having provided for a fee upon discontinuance in cases at law only, no solicitor's fee can be taxed in this case unless by the plaintiff's consent.

As this appeal, though involving a small amount, presents a question of frequent occurrence in practice, we have consulted Judge Nelson, and he concurs in this opinion.

Taxation modified.

## NOTE.

FEES ALLOWED TO OFFICERS. Section 823 prescribes what fees are allowed to the clerk, district attorney, and other officers;(*a*) and nothing can be taxed as costs for the services of attorneys, solicitors, or proctors, except costs and fees enumerated in the statute;(*b*) but the fee bill does not prevent a court of equity from allowing counsel fees as costs in certain cases;(*c*) so, whether counsel fees shall be allowed on a creditor's petition for an adjudication of bankruptcy rests with the court.(*d*) Costs can be taxed for only two counsel of the same party.(*e*) An allowance of a solicitor's fee for an overruled exception to a master's report is not proper.(*f*) District attorneys are recognized only as attorneys, and are compensated as such;(*g*) and the allowance of costs to them is in the jurisdiction of the judge, and not within the power of the officers of the treasury.(*h*) Where services were in part performed by one district attorney, and in part by his successor, the fees taxed will be distributed between them.(*i*) The statute is a positive enactment,(*j*) and must be rigorously enforced.(*k*) The prevailing party is entitled only to such costs as the statute allows;(*l*) and when a charge for services is not found in the schedule of fees it must be rejected;(*m*) but fees may be allowed for matters not therein enumerated.(*n*) A court of equity may allow costs not presented in the statute, and such as justice and equity may require.(*o*)

COSTS. Costs are not payable out of the fund in controversy, (*a*) but each party is liable to the officer for fees for services performed for him without respect to which recovers judgment; (*b*) and security may be required from a non-resident.(*c*) Commissions of the sheriff or marshal on collections, and of the clerk for taking charge of the money, are part of the costs of the suit.(*d*) A party is not liable for costs for not doing what he was restrained by injunction from doing;(*e*) but where delay in suing was attributable to con-

(*a*) U. S. v. Cigars, 2 Fed. Rep. 495.

(*b*) Canter v. Amer. Ins. Co. 3 Pet. 307; The Baltimore, 8 Wall. 377; The Liverpool Packet, 2 Sprague, 37; Derry v. Hersey, 21 Law Rep. 473.

(*c*) In re Waite, 1 Low. 321; Ex parte Platt, 2 Wall. Jr. 453.

(*d*) In re Williams, 2 Bank. Reg. 83.

(*e*) In re Waite, 1 Low. 321.

(*f*) Garretson v. Clark, 17 Blatchf. 256; S. C. 15 Blatchf. 70.

(*g*) The Nassau, Blatchf. Pr. 601.

(*h*) U. S. v. Ingersoll, Crabbe, 135.

(*i*) Ex parte Robbins, 2 Gall. 320.

(*j*) The Nassau, Blatchf. Pr. 601.

(*k*) Stimpson v. Brooks, 3 Blatchf. 456.

(*l*) Day v. Woodworth, 13 How. 363; Kneass v. Schuylkill Bank, 4 Wash. C. C. 106.

(*m*) Dedekam v. Vose, 3 Blatchf. 153; Lyell v. Miller, 6 McLean, 422; U. S. v. Smith, 1 Wood. & M. 184; U. S. v. Packages, 18 Law Rep. 284.

(*n*) Jordan v. Agawam Wool Co. 3 Cliff. 239.

(*o*) Spaulding v. Tucker, 2 Sawy. 50.

(*a*) National Bank v. Whitney, 103 U. S. 99.

(*b*) Caldwell v. Jackson, 7 Cranch, 276; In re Stover, 1 Curt. 93.

(*c*) Gross & P. Manuf'g Co. v. Gerhard, 8 Law Rep. 136.

(*d*) Kitchen v. Woodfin, 1 Hughes, 340.

(*e*) Kearney v. A Pile Driver, 3 Fed. Rep. 247.

cealment in the wrong-doer, costs were allowed.(*f*) No costs are allowed on dismissing a bill and cross-bill.(*g*) The allowance or non-allowance of costs in an admiralty cause is a matter of discretion.(*h*) The clerk's fee of one dollar with the note of issue, on appeal in admiralty, put upon the calendar, is taxable.(*i*) Where there are cross-libels in a case of collision, and both vessels were in fault, costs of both courts are equally divided.(*j*) The taxation of costs in a cause removed is governed by these sections; (*k*) and where a suit is removed it brings along with it the costs as an incident;(*l*) but the act of congress prescribing what costs may be taxed applies to such costs as accrue after the removal of the cause.(*m*)

EXPENSES—ALLOWANCE. The statute does not prohibit the allowance of such disbursements as are rendered necessary by order of the court;(*a*) so, if the rule of court requires papers or briefs to be printed, their expenses may be taxed as costs;(*b*) so, the cost of printing the record on appeal to the supreme court,(*c*) or the record preparatory to a final hearing, may be taxed;(*d*) but the expense of printing testimony,(*e*) or a statement of the case, for the use of the judges, cannot be taxed as costs.(*f*) The cost of copies of assignments appropriate to the case may be taxed,(*g*) and the amount paid for telegraphic dispatches in the suit is allowable, where by affidavit it is shown to have been properly and necessarily expended;(*h*) so, postage paid on the transmission and return of a commission may be allowed.(*i*) The expense of a survey may be charged against both parties in equal shares.(*j*) The expenses of such models as are copies of models in the patent-office is allowable,(*k*) and their actual value is taxable,(*l*) but not the expense of procuring other models;(*m*) so the expense of the model of the infringing machine is not allowable;(*n*) nor is defendant entitled to the cost of procuring a copy of plaintiff's patent.(*o*) Expenditures for copies of pleadings and proofs are not taxable; and, in the absence of an agreement to that effect, the expense of reporting argument of plaintiff's counsel on final hearing,(*p*) or the expense of a stenographic reporter, is not taxable as costs.(*q*) This section does not apply to costs for travel and attendance; these are allowed by rule of court.(*r*)

(*f*) The Christopher Columbus, 8 Ben. 239.

(*g*) Prune v. Brandon Manuf'g Co. 16 Blatchf. 453.

(*h*) Taylor v Woods, 3 Woods, 146. See The Emily B. Souder, 15 Blatchf. 85.

(*i*) The Alice Tainter, 14 Blatchf. 225.

(*j*) Vanderbilt v. Reynolds, 7 Law Rep. 523.

(*k*) Clare v. National City Bank, 14 Blatchf. 445.

(*l*) Warren v. Ives, 1 Flippen, 356; Penrose v. Penrose, 1 Fed. Rep. 479; Kreager v. Judd, 5 Fed. Rep. 957. See Gilman v. Libbey, 4 Cliff. 450.

(*m*) Warren v. Ives, 1 Flippen, 356.

(*a*) Dennis v. Eddy, 12 Blatchf. 95.

(*b*) Neff v. Pennoyer, 3 Sawy. 335; Dennis v. Eddy, 12 Blatchf. 195; Brooks v. Byam, 2 Story, 553.

(*c*) Railroad Co. v. The Collector, 96 U. S. 594.

(*d*) Jordan v. Agawam Wool Co. 3 Cliff. 239.

(*e*) Hussey v. Bradley, 5 Blatchf. 210; Troy I.

& N. Factory v. Corning, 7 Blatchf. 16; Spaulding v. Tucker, 2 Sawy. 50.

(*f*) The Perseverance, 3 Dall. 936.

(*g*) Hathaway v. Roach, 2 Wood. & M. 63.

(*h*) Hussey v. Bradley, 5 Blatchf. 210.

(*i*) Prouty v. Draper, 2 Story, 199.

(*j*) Whipple v. Cumberland C. Co. 3 Story, 84.

(*k*) Hussey v. Bradley, 5 Blatchf. 211.

(*l*) Hathaway v. Roach, 2 Wood. & M. 63.

(*m*) Hussey v. Bradley, 5 Blatchf. 210; Woodruff v. Barney, 2 Fish. 244; Hathaway v. Roach, 2 Wood. & M. 63.

(*n*) Parker v. Bigler, 1 Fish. 285.

(*o*) Hathaway v. Roach, 2 Wood. & M. 63; Woodruff v. Barney, 2 Fish. 244.

(*p*) Hussey v. Bradley, 5 Blatchf. 210.

(*q*) Bridges v. Sheldon, 18 Blatchf. 507.

(*r*) Nichols v. Brunswick, 3 Cliff. 88; Whipple v. Cumberland C. Co. 3 Story, 84; Hathaway v. Roach, 2 Wood. & M. 63. See Sebring v. Ward, 4 Wash. C. C. 546.

DOCKET FEE. The docket fee of $20 is the highest compensation allowed, and it can be allowed but once;(a) but where there were three trials—the first resulting in a verdict for plaintiff, and the other two in separate verdicts for defendant—the defendant's attorney is entitled to a docket fee of $20 for each of the three trials.(b) In a case tried twice by a jury, which both times disagreed, and the case was dismissed, a docket fee of only five dollars is taxable.(c) A docket fee may be taxed in one of a number of cases embraced, by stipulation, in a single hearing.(d) It cannot be taxed for an attorney not admitted to the bar of the court, nor one whose name is not on the docket before the filing of the general replication.(e) It is to be taxed in every case where a final decree is entered after replication filed.(f) There is no distinction in admiralty between suits *in rem* and suits *in personam*.(g) "Trial" means a trial by jury, and until the jury is sworn there is no trial.(h) "Trial before a jury" applies only to cases where the controversy is terminated by a verdict and judgment thereon.(i) "Final hearing" is the submission of a case in equity for determination.(j) The docket fee may be allowed, although libelant discontinues after a witness has been sworn;(k) but it is not taxable on a motion for an order, by default, against stipulators.(l) If parties waive a jury trial, a docket fee of only $10 can be taxed.(m) It is allowable in the circuit court, when a cause on appeal is on the calendar for hearing, and dismissed for want of security for costs.(n) A docket fee of $20 is taxable in cases of involuntary, but not in cases of voluntary, bankruptcy.(o) If tried before the court, and the petition dismissed, it may be allowed to defendant's attorney; but it cannot be taxed in favor of the attorney of the petitioning creditor.(p) So, when there is no denial and no contest, it cannot be allowed.(q) Proceedings before a master upon a reference, for an interlocutory purpose, is neither a trial nor a final hearing, and the docket fee cannot be allowed therefor; (r) nor can a docket fee be allowed upon exceptions to a commissioner's report.(s)

DEPOSITIONS. The attorney of the prevailing party is entitled to the pay of $2.50 for each deposition admitted in evidence, when it is agreed that they may be read on the trial,(t) although the witness attended and was sworn and examined;(u) but if the depositions taken and used in the district court are read from the apostles in the circuit court, no fee is taxable in the circuit court.(v) The costs of taking a deposition *de bene esse* may be taxed,(w) but if the party dispenses with the deposition and examines the witness, the costs of the deposition cannot be taxed;(x) nor will fees of illegible deposi-

(a) Troy I. & N. Factory v. Corning, 7 Blatchf. 16; Dedekam v. Vose, 3 Blatchf. 77.
(b) Schmieder v. Barney, 7 Fed. Rep. 451.
(c) Strafer v. Carr, 6 Fed. Rep. 466.
(d) Goodyear D. V. Co. v. Osgood, 13 O. G. 325.
(e) Goodyear D. V. Co. v. Osgood, 13 O. G. 325.
(f) Goodyear D. V. Co. v. Osgood, 13 O. G. 325.
(g) The Young Mechanic, 3 Ware, 58.
(h) Miller v. Scott, 2 Bank Reg. 86; The Bay City, 3 Fed. Rep. 47.
(i) Strafer v. Carr, 6 Fed. Rep. 466.
(j) Goodyear D. V. Co. v. Osgood, 13 O. G. 325.
(k) The Bay City, 3 Fed. Rep. 47.

(l) Dedekam v. Vose, 3 Blatchf. 153.
(m) Jones v. Schell, 8 Blatchf. 79.
(n) Hayford v. Griffith, 3 Blatchf. 79.
(o) Miller v. Scott, 2 Bank. Reg. 86.
(p) Davidson v. Coates, 6 Bank. Reg. 301.
(q) In re Mead, 8 Phila. 174.
(r) Doughty v. Manuf'g Co. 4 Fish. 318.
(s) Beckwith v. Easton, 4 Ben. 357.
(t) Jerman v. Stewart, 12 Fed. Rep. 271.
(u) Beckwith v. Easton, 4 Ben. 357.
(v) Dedekam v. Vose, 3 Blatchf. 77.
(w) Fry v. Yeaton, 1 Cranch, C. C. 550.
(x) Hathaway v. Roach, 2 Wood. & M. 63.

tions be allowed.(y). The fee for depositions relates to testimony taken out of court under such authority as will entitle it to be read as evidence in court at the trial or hearing.(z) Courts of the United States will allow the same fees to any one taking a deposition as is allowed by the Revised Statutes to clerks of courts and commissioners;(a) but a fee for an *ex parte* affidavit in a proceeding for a preliminary injunction is not allowable.(b)—[ED.

(y) The Avid, 3 Ben. 434.

(z) Troy I. & N. Factory v. Corning, 7 Blatchf. 16.

(a) Jerman v. Stewart, 12 Fed. Rep. 271

(b) Stimpson v. Brooks, 3 Blatchf. 456.