BURNAP (FELLOWS v.). See Case No. 4,-721.

---

## Case No. 2,171.

### In re BURNELL.

[7 Biss. 275;[1] 14 N. B. R. 498; 9 Chi. Leg. News, 84; 3 Cent. Law J. 750; 22 Int. Rev. Rec. 386.]

District Court, E. D. Wisconsin. Sept., 1876.

FEES OF MARSHALS— SERVICE OF ORDER AND PETITION — DISBURSEMENTS — NOT ENTITLED TO COMMISSION ON PROPERTY.

1. An order to show cause issued on a creditor's petition in bankruptcy, provided that a copy of the petition should be served with a copy of the order. Held, that the marshal was entitled to a fee for the service of each, even though they were served at the same time.

[Cited, but not followed, in Re Hellman, Case No. 6,342.]

2. Section 829 of the Revised Statutes, providing that the marshal shall be allowed "for disbursing money to jurors and witnesses and for other expenses two per centum," held not to be limited to expenses of court.

3. The marshal is not entitled to an allowance for the custody of property by way of commissions on its value. In re Johnston [Case No. 7,422] commented on.

[In bankruptcy. Taxation of costs in the matter of Burnell Bros.] In the bill of fees rendered by the marshal in this case, he included the following items: For serving creditor's petition on the two bankrupts, two dollars each; commission on disbursements at two per cent., thirty-eight cents, and commission on value of stock seized and held by him, thirty dollars and ten cents. In the taxation of costs the clerk rejected each of these items and the marshal appeals.

DYER, District Judge. Item One. The view taken by the clerk upon this item was, that as the order to show cause issued on the creditor's petition provided that a copy of the petition be served with a copy of the order, and as a copy of the petition must necessarily be served at the same time with the order, the service of the petition was part of the service of the order, and that it was but one service, and therefore but one fee for the service of both papers should be charged. There is a good deal of force in this ruling,

but I incline to the opinion that it is too strict.

General order No. 30, in bankruptcy, provides that "the fees of the marshal shall be the same as are allowed for similar services by the fee bill in section 829 of the Revised Statutes, as modified by section 5126," etc. Section 829, Rev. St., provides that the marshal will receive "for service of any warrant, attachment, summons, capias or other writ, except execution, venire, or a summons or a subpoena for a witness, two dollars for each person on whom service is made." The service of an order to show cause is not mentioned either in general order No. 30, nor in section 829, nor in section 5126, of the Revised Statutes. There is no express provision prescribing fees for services of either an order to show cause, a creditor's petition, or an adjudication in bankruptcy; yet it is required by statute that each of these papers be served, and they must be served by the marshal when placed in his hands for that purpose. Section 5025 requires not only that a copy of the order to show cause "shall be served on the debtor by delivering the same to him personally, or leaving the same at his last or usual place of abode," but it requires further, that the petition shall be similarly served. The service of two distinct papers is thus made necessary by express words of the statute.

It is not disputed that a charge for the service of an order to show cause is allowable as a service similar to such as is allowed in section 829, and that the right to make such charge rests upon a construction of the statute in connection with order No. 30. Since it is essential that the petition as well as the order to show cause be served, is it not as accurate to say that the service of the petition is an act similar to those enumerated in section 829, as to say that the service of an order to show cause is such act? Since the statute expressly requires service of the petition, I do not regard the fact that the order to show cause provides that a copy of the petition be served, as very material, even as bearing upon the point that the service of both the order and petition constitutes but one service. To make the commencement of bankruptcy proceedings valid and complete, where the debtor can be found or his place of residence be ascertained, both the order to show cause and the petition must be served, and returns of each service must be made. In the view I take of the question, I shall allow the charge for the service of petition, which was rejected by the clerk.

Item Two. Section 829 of the Revised Statutes provides that the marshal be allowed "for disbursing money to jurors and witnesses and for other expenses, two per centum." The marshal charged this per centum on his disbursements in this case, and the clerk disallowed it on the ground that money paid to jurors and witnesses constitute expenses of the court, and so that the

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

words "other expenses," in the clause in section 829, giving to the marshal his per centum, must be held to mean court expenses only. But disbursements to witnesses may not, accurately speaking, be expenses of the court. Moreover, section 829 is a general fee bill, prescribing generally the fees to be charged by the marshal, and, I do not see how the court can restrict by construction, the terms of the clause in question, and limit them in their meaning to expenses of court. I think the item should be allowed. The same point was so ruled in Re Johnston [Case No. 7,422].

Item Three. I think that the item of thirty dollars and ten cents charged as commission on the value of the property seized and held by the marshal, was properly disallowed. General order No. 30 provides that the marshal shall receive "for each hour actually and necessarily employed in personal attention in taking care of bankrupt's property, one dollar;" and "no other allowance to be made for custody of property, except for actual disbursements, which shall, in all cases, be passed upon by the court." This would seem to settle the question, as there appears to be here an express limitation upon the amount of compensation to be paid to the marshal, for custody of the property. But he claims, upon the application to the case of certain provisions of section 829, and upon a ruling of Judge Blatchford in Re Johnston [supra] that he is entitled to these commissions; and even admitting that allowances for custody of property are limited by order No. 30, it is still claimed that this compensation should be allowed for the seizure necessarily made, and its incidents of risk and responsibility, and that the service is similar to that rendered by the marshal in admiralty, in regard to property which comes into his hands under an attachment in rem. If there is any where any support for this claim, it is in a provision of section 829, which provides that "when a debt or claim in admiralty is settled by the parties, without a sale of the property, the marshal shall be entitled to a commission of one per centum on the first five hundred dollars of the claim or decree, and one-half of one per centum on the excess of any sum thereof over five hundred dollars; provided, that when the value of the property is less than the claim, such commission shall be allowed only on the appraised value thereof."

In the Case of Johnston, supra, the marshal was allowed commissions at the rates named in this clause of section 829, upon moneys collected and received by him as proceeds of the estate; Judge Blatchford holding the service thus rendered by the marshal to be similar, in that case, to the service rendered in admiralty, for which compensation is given by the provision of section 829, before cited. In that case, the marshal further charged commissions for custody of property, and also commissions on

the value of the same property. It would seem from the opinion of the court, that the first of these charges was disallowed as forbidden by general order No. 30, and that the second charge, viz.: commissions on value of property was allowed at the rates prescribed in the provision before referred to, in section 829. With great respect to the learned judge who so ruled, I do not perceive how the disallowance of the first of these two items, and the allowance of the other, can be consistently upheld. Without either adopting or declining to adopt, even upon similar facts, the rulings of the court, in that case, by which commissions on moneys and the value of property were allowed to the marshal, it is sufficient to say that the Case of Johnston so radically differs from the case at bar, that the former can hardly be regarded as an authority upon the question presented. For it must be observed that in that case, the affairs of the bankrupt's estate had been settled, and the property was returned to the bankrupt, subject to the payment of the fees of the marshal. This being the fact in that case, the court adopted an analogy between that case and the case contemplated by the clause cited from section 829, where "the debt or claim in admiralty is settled by the parties without the sale of the property." The analogy drawn by Judge Blatchford, as will be seen, was made to depend upon the disposition of the controversy by settlement, which was made by the parties. In the case at bar, there was no such settlement. It is the ordinary case of seizure of property by the marshal, delivery of the property to the assignee upon his appointment, and the continued progress of the proceeding, according to the usual forms and methods prescribed by law.

The case in this particular comes so far short of that contemplated by section 829, and there is such failure of analogy, that the claim of the marshal to these commissions cannot be sustained.