HELLMAN (UNITED STATES v.). See Case No. 15,343.

---

## Case No. 6,342.

### In re HELLMAR.

[4 Sawy. 163;[1] 17 N. B. R. 362.]

District Court, D. Oregon. Jan. 17, 1877.

FEE FOR SERVING ORDER TO SHOW CAUSE—CARE OF BANKRUPT'S PROPERTY—INVENTORY OF BANKRUPT'S PROPERTY.

1. The order to show cause and the copy of the petition in involuntary bankruptcy constitute but one writ or process, and the marshal is not entitled to a fee and mileage for the service of each.

2. A charge of one dollar per hour for personal attention to bankrupt's property by the messenger must be at least supported by his own oath showing the fact of such attention and the necessity for it.

3. It is the duty of the messenger to care for and inventory the property of the bankrupt upon the most favorable terms for the estate, and, therefore, he will not be allowed one dollar per hour for time employed in making such inventory except upon proof that it was necessary.

[In bankruptcy. In the matter of F. L. Hellmar.] Exceptions by assignee to marshal's bill of fees.

Joseph Simon and M. W. Fechheimer, for assignee.
Rufus Mallory, for marshal.

DEADY, District Judge. On December 22, 1876, the marshal filed a statement of his fees in the above entitled case, amounting in the aggregate to $137.45, which was taxed and allowed by the clerk.

On the same day counsel for the assignee filed exceptions to the following items of the bill as taxed: (1) Service of order to show

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

cause, $4; and mileage to the Dalles, in serving the same, $11.50, because there is a previous charge in the bill for the same service; (2) Personal care of property from the evening of November 1 to the morning of November 2, fourteen hours, $14, because the marshal is not entitled to the same; and, (3) "Making inventory, two persons from seven a. m. to eight p. m. November 2, twenty-two hours, $22," because the same is unjust and excessive.

Immediately preceding the charge concerning the order to show cause, and under the same date, the bill contains a charge for serving a copy of the petition and mileage therefor, amounting in the aggregate to $14.-50. Assuming that if the service of the order and copy of the petition constitute but one service, the charge should be made for serving the order with the copy, the exception will be considered as if made to the separate charge concerning the copy of the petition.

The additional fee for serving the copy of the petition accompanying the order to show cause was probably charged and taxed under the authority of In re Burnell [Case No. 2,171]. In that case, the court held that the fee for serving the copy of the petition was well charged. It is understood that the double mileage is charged upon the authority of paragraph 25 of section 820 of the Revised Statutes, which provides that when "more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of such writs."

I think the exception well taken. The only provision under which the marshal can claim compensation for serving the order to show cause and copy of petition in an involuntary proceeding in bankruptcy, is general order No. 30, which provides that his fees under the bankrupt act [of 1867 (14 Stat. 517)] "shall be the same as are allowed for similar services," by section 829 of the Revised Statutes as modified by section 5126 of the same. The former section provides that the marshal shall receive "for service of any warrant, attachment, summons, capias or other writ, except execution, venire or a summons or subpoena for a witness, $2 for each person on whom service is made." Section 837 provides that the fees of the marshal of Oregon and Nevada shall be double the amount provided for like services elsewhere.

Upon the filing of a petition in bankruptcy by a creditor against a debtor, the court is authorized to make an order requiring the debtor to appear and show cause why the prayer of the petition should not be granted. In effect this order to show cause is the process in the case, the summons to the defendant, upon the due service of which the court acquires jurisdiction over him. With it, and as a part of it, the statute requires that the debtor shall be served with a copy of the petition, whereby he may be informed of what is alleged against him, and against which he is required to show cause. The service of the order without the copy of the petition would not give the court jurisdiction; it would not be a complete service of the process in the case. In this state, a copy of the complaint is required to be served with the summons in an action at law. Taken together, they constitute but one writ or process, and a substitute for the original writ at common law, which contained a full statement of the cause of action as set forth in the praecipe. 1 Chit. Pl. 240. So in this case, instead of the order to show cause reciting the allegations of the petition, it simply refers to it, form No. 57, and directs that a copy of it be served with the order. The order and copy are proper and necessary parts of one process to be served at one time, and upon the same person. Technically, then, there is no ground for treating them as distinct writs or processes, so as to authorize the marshal to charge a distinct fee for the service of each. Neither is there any reason, in fact, for such additional charge. The service of both papers is substantially one act, and the delivery of the copy of the petition devolves no additional labor or responsibility upon the marshal. There being, then, but one writ served in this case, there is no ground for charging more than one mileage for travel performed in serving it. But let it be conceded that the order and copy constitute two writs, still the case does not come within paragraph 25, supra, allowing double mileage in certain cases, because it does not appear that the marshal served more than two writs upon the debtor for the petitioning creditors at the same time. The service of two writs between the same parties at the same time is not sufficient to bring the case within the statute. There must be more than two to entitle the officer to compensation for travel on any two of them.

On the argument it was assumed that the services mentioned in the second of the above items was performed by a deputy, and it was objected that under section 5013 of the Revised Statutes no one is entitled to charge fees as a messenger in bankruptcy but the marshal himself, and, therefore, a deputy marshal cannot charge the fee of $1.00 per hour for the services mentioned in this item.

What a marshal does by his deputy he does by himself, and every deputy marshal charged with the execution of a warrant, or service of process in bankruptcy, is quoad hoc a messenger in bankruptcy. The "assistants" spoken of in section 5013, supra, are not deputy marshals, but such persons as a marshal or deputy in the execution of a warrant in bankruptcy may employ to assist him in the discharge of his duties; such as caring for or making an inventory of the bankrupt's property.

Section 5126 provides what fees the assignee shall pay to the marshal as messenger.

Among other things, he shall be paid "for custody of property, * * * his actual and necessary expenses upon returning the same in specific items, and making oath that they have been actually incurred and paid by him, and are just and reasonable;" and his oath shall not be conclusive as to the necessity of such expenses.

Section 5127 of the Revised Statutes gives the justices of the supreme court power to prescribe fees for other services of the marshal, and to reduce those prescribed by section 5126, supra. Under this authority the justices have prescribed by general order number 31, that "the marshal shall be allowed for each hour actually and necessarily employed in personal attention in taking care of the bankrupt's property $1;" and the same for each hour "necessarily employed in making an inventory of" such property.

Taken together, the reasonable purport of these provisions seems to be that it is expected that a marshal or his deputy, in executing a warrant against a bankrupt's estate, shall have the care and custody of the property until the same is turned over to the assignee, and in the meantime may be called upon to employ a keeper or other person to give personal attention to the matter. But it does not follow that such expenses must be incurred in all instances, or even in the majority of them. The services of a keeper can hardly be necessary in the case of an ordinary stock of goods secured in a storehouse, or if needed at all, that anything more is necessary than the committing of the key to some trusty person, who shall sleep in the building at night. And certainly, it can very seldom be necessary that the officer charged with the execution of the warrant shall give his personal attention to the matter, at the great cost to the estate of $1 per hour, when competent persons may ordinarily be employed at from $2.50 to $5 per day. And in any event, where the officer makes a charge for "personal attention in taking care of the bankrupt property," I think he ought, in analogy to the rule prescribed by section 5126, supra, in case of expense incurred for that purpose, show by his oath that such services were actually rendered, and the necessity for them.

This fee bill is neither signed nor verified by the officer, nor does it contain any statement showing the necessity of this personal attention to the property of the bankrupt. The exception to this item is allowed.

The third item is made up upon the assumption that persons employed by the messenger to make an inventory of the bankrupt's property, or assist him in so doing, are entitled to $1 per hour for their services. But this view of the matter is not sustained by general order number three, prescribing the compensation for the time employed in making the inventory, or the reason of the thing. The making of an inventory is a matter which usually requires nothing more than ordinary clerical labor, that can be obtained for much less than $1 per hour. The making of an inventory is an incident to that care and custody of the property which it is the duty of the marshal to provide, upon terms the most favorable to the estate. It is not contemplated that he should engage in it personally at an expense of $1 per hour to the estate, unless there is some positive necessity for so doing. This cannot ordinarily be the case, although it may often, if not always, happen, that he may be called upon to give some time in supervising or overlooking the work. Neither is this item supported by any proof. A charge by the marshal for time necessarily employed in making an inventory, ought, in analogy to the rule prescribed in section 5126, supra, to be at least supported by the oath of the officer as to the fact of the service, and the necessity for it.

This exception is allowed.