# Case No. 196.

## The ALICE TAINTER.

### [14 Blatchf. 225.][1]

Circuit Court, S. D. New York. May 18, 1877.

#### ADMIRALTY—COSTS—FEES OF CLERK.

1. Where a note of issue, on an appeal in admiralty, is delivered to the clerk, under rule 55 of this court, with a view to his putting the cause on the calendar of causes to be tried, for a particular term, a fee of $1 to the clerk for the service is a lawful and proper fee, and, if paid by a successful party, can be taxed against his adversary, as costs in the cause.

[Cited in The Siren, Case No. 12,910; The F. Merwin, Id. 4,893.]

[1][Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

2. It is proper for the clerk to charge for including the evidence, in a suit in admiralty, in the final record, on final decree, notwithstanding the provision of section 1 of the act of February 16th, 1875, (18 Stat. 315,) in regard to appeals in admiralty to the supreme court.

In admiralty.

Beebe, Wilcox & Hobbs, for libellant.

Scudder & Carter, for claimant.

BLATCHFORD, District Judge. Rule 55 of this court provides as follows: "When a cause is noticed for trial or argument for the first day of the term, a notice thereof, with a note of the issue, and of the pleadings, and of the attorneys' names shall be delivered to the clerk at least eight days next preceding the term, and the clerk shall, as early as the following Thursday, have the calendar of causes to be tried, made up, arranging them according to the dates of their issues; and no cause shall be put upon the calendar, without the special order of the court, unless the note of issue shall be furnished as is hereby required." A rule like this, in substance, has been in force since 1838. Such rule was made under the authority contained in section 7 of the act of March 2, 1793, (1 Stat. 335,) which provides, that "it shall be lawful for the several courts of the United States, from time to time, as occasion may require, to make rules and orders for their respective courts, directing the returning of writs * * * and otherwise, in a manner not repugnant to the laws of the United States, to regulate the practice of the said courts respectively, as shall be fit and necessary for the advancement of justice, and especially to that end to prevent delays in proceedings." This enactment is embodied in section 918 of the Revised Statutes, which provides, that "the several circuit and district courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the supreme court" under section 917, "make rules and orders directing the returning of writs * * * and otherwise regulate their own practice, as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings." The practice of making up, for the use of the court, a calendar of causes, from time to time, sometimes every term, sometimes not so often, such calendar to be composed only of causes specified in notes of issue delivered to the clerk of the court by one or the other or both of the parties to the cause, and of confining the action of the court, in trying and hearing causes, to the causes which are upon such calendar, is a practice which has always existed in the state courts of New York, of all grades; while, in some of the states, such practice is unknown, but the clerk of the court makes up a trial list from his own scrutiny of the papers on file. In the courts of New York, and in the federal courts in New York, the payment of a fee

to the clerk, on the delivery to him of the note of issue, has always been required.

In the present case, on an appeal in admiralty from the district court, the libel was dismissed, with costs, by this court. In taxing the costs the clerk allowed and taxed the following item: "8 notes of issue, $8.00." The cause was upon the calendar each one of eight terms, and, on each one of the eight occasions, the claimant delivered to the clerk a note of the issue and paid him the sum of $1. It is contended, for the libellant, that this charge of $1 on each occasion is unlawful, unless it is found to be specifically provided for in section 828 of the Revised Statutes; that the only provision on the subject in section 828 is this one: "for making dockets and taxing costs, in cases removed by writ of error or appeal, one dollar;" and that, under this provision, there can be but one charge of one dollar.

It is to be noted, that the rule does not require that the note of issue shall be filed in the court or with the clerk, or shall become part of the files of the court. It is only to be delivered to the clerk for his use in making up the calendar. The clerk makes the calendar for the convenience of the court, and a copy of it is always made for the use of the bar. The service is not one which it is contemplated by section 828 that the clerk shall perform, and it is not covered by any item in that section, nor does any fee prescribed in that section apply to it. In the rule, it might as well have been provided that the marshal or a commissioner should perform the service, as the clerk. It is not reasonable that the service should be performed without compensation. As it is for the benefit of suitors, it is reasonable that suitors should pay for it. It is as reasonable that they should pay for it as it is that they should pay the expense of printing papers which the court requires to be printed. It is for the court to say who shall ultimately pay such expenses; and the court has the power to say that the losing party shall ultimately pay them, by refunding them to the party who pays them in the first instance. Whether they are paid in the first instance to a printer or to any other person who is designated by the court to perform the particular service, is immaterial. In Neff v. Pennoyer, [Case No. 10,084,] the circuit court for the district of Oregon held, that, under section 918 of the Revised Statutes, that court had the right, either by general rule or by special order in a particular case, to require parties to a cause submitted to it for decision to file printed briefs, and to tax the reasonable expense of printing the brief of the prevailing party against the losing party, as a necessary disbursement. Under the same authority, this court made a rule, on the 1st of July, 1876, requiring the cases and points and all other papers in certain calendar causes to be printed, and providing that a party recovering costs should be allowed his disbursements for the printing required of him by such rule. A like practice and rule as to printing papers exists in the circuit court for the district of Massachusetts. See Jordan v. Agawam Woolen Co., [Case No. 7,516.]

The remaining question is, as to whether the charge of $1 for the service is a reasonable one. It has for many years been the standard charge for the service in both of the federal courts for this district. It has not, it is believed, until now, been ever questioned. In the years 1852 and 1853, as appears from the records of this court, the usual charge for the same service, paid without question, was $4.75. The charge of $1 seems reasonable, in view of the nature of the service, and of the fees allowed in section 828. Long acquiescence by the court and the bar go far to establish that the fee is a reasonable one.

As to the clerk's costs on final decree, no objection is made to any specific item, although the items are stated in detail by the clerk, except to the charge for making the final record, which, it is contended, ought not to include the evidence in the cause, because, by section 1 of the act of February 16th, 1875, (18 Stat. 315,) the review, by the supreme court, on an appeal in admiralty, is limited to a determination of the questions of law arising on the record, and the circuit court is required to make a finding of facts, as part of the record. But, rule 52 in admiralty, prescribed by the supreme court, requires that the record transmitted to the circuit court, on an appeal by the clerk of the district court, shall contain, among other things, the testimony on both sides. The record so transmitted to the circuit court becomes part of the record of the cause in that court, and, if there be an appeal to the supreme court, such record must, as a whole, be transmitted to that court. There is nothing in the act of 1875 which varies this practice.

The question as to the copy of the apostles has been heretofore disposed of. The taxation is affirmed.