## THE ADVANCE.

### BRONSTED v. THE ADVANCE.

(District Court, S. D. New York. March 16, 1894.)

Costs and Fees—Extra Allowance to Court Officers.

A United States district court has power to make an allowance to the clerk of the court for services rendered beyond what are required by law. Such compensation allowed in the case of a transfer by him of a

large fund from the depository of court to a trust company; a change made by order of court on application of the proctors in interest, and for their pecuniary benefit, and imposing on the clerk additional cares, responsibilities, and duties.

In Admiralty.    On motion by the clerk for extra allowance.

Carter & Ledyard, for claimants.

Samuel H. Lyman, pro se.

BROWN, District Judge.    The removal of the deposits in these cases from the depository prescribed by law and the regulations, imposed upon the clerk additional cares, responsibilities and duties beyond those previously existing.    The change was made by the order of the court, upon the application of the parties in interest, and for their pecuniary benefit; it has resulted to their considerable pecuniary advantage.    It was made at a time of great uncertainty in financial matters, and to the threatened prejudice of the registry account in the lawful depository.    It could not have been supposed that these additional duties and responsibilities would have been imposed upon the clerk without compensation.    As said by Mr. Justice Blatchford, in the case of The Alice Tainter, 14 Blatchf. 225, Fed. Cas. No. 196:

"It is not reasonable that the service should be without compensation. As it is for the benefit of suitors, it is reasonable that suitors should pay for it."

The right of the court to make such allowances for extra services beyond what are required by law has been long exercised under the deliberate judgment of Mr. Justice Nelson and Judge Betts, as expressed in the rule of May 28, 1859.    See former District Court Rules, pp. 46, 47, where it is said, that—

"Upon the usages and doctrines of courts of the United States, officers called upon to render services in those courts, according to their rules and modes of practice, for which no specific fees or costs are appointed by statute law, will be awarded compensation therefor by the courts respectively in which the services are performed, corresponding in amount to that allowed by law in the state, for similar services rendered by state officers, in a like capacity, particularly in chancery procedure.    1 Blatchf. 652; Hathaway v. Roach, 2 Woodb. & M. 63 [Fed. Cas. No. 6,213]."

An extra allowance of one-half of 1 per cent. is in accordance with the rule thus indicated.    It is as small as would, I think, be anywhere recognized as appropriate in financial transactions; and it is, therefore, allowed in this case as a reasonable compensation.