### SWANCOAT v. REMSEN et al.

#### (Circuit Court, S. D. New York. September 24, 1896.)

1. UNITED STATES MARSHALS—SERVICE OF COMPLAINT.

A United States marshal is entitled to reasonable compensation for serving a complaint, and, where it is served together with the summons, a fee of one dollar will be allowed.

2. SAME—MILEAGE.

When two papers in a cause are served together on the same party, mileage cannot be doubled by charging separately for each.

This was an action by Richard J. Swancoat against Charles Remsen and others. The case was heard on objections made by the plaintiff to the marshal's fees.

Albert T. Patrick, for plaintiff.

John E. Kennedy, for the marshal.

LACOMBE, Circuit Judge. Objection is made by plaintiff to the marshal's bill for fees for serving summons and complaint. The fees, when collected by the marshal, must be paid over to the clerk of the court. Act May 28, 1896, § 6. They are the compensation paid by the litigant for specific services rendered to him by an official of the United States, and it is needless to say that no provision of state statute as to the amount of fees to be paid for similar services by state officers is material. The section of the United States Revised Statutes (section 914) to which plaintiff refers adopts the practice of the state courts, so far as may be; but it does not adopt the state fee bill, either for costs or for official fees. The charge made in this case is as follows:

For serving summons, 5 defendants, at $2.12.......................... $10 60
"        "     complaint,       "       "    "  .......................... 10 60

                                                                       ———————
                                                                        $21 20

The authority for the charge of $2 for the service of the summons is contained in the first paragraph of section 829, Rev. St. U. S. The additional charge of 12 cents is for travel to serve; it being the custom here, for many years, to charge for two miles' travel on each service, which fee is also provided for by section 829 at 6 cents per mile. Neither of these items is objected to.

The summons is the writ of subpoena ad respondendum by which

a civil action is begun in this state; and, by the provisions of the Code of Civil Procedure, a copy of the complaint may be served with the summons, if the plaintiff wishes so to do. In the Revised Statutes of the United States it is provided that:

"The following and no other compensation shall be taxed and allowed to * * * marshals [section 823]: * * * For service of any warrant, attachment, summons, capias, or other writ, except execution, venire, or a summons or subpœna for a witness, two dollars for each person on whom service is made." Section 829.

The "complaint" is not within this enumeration, and therefore the section contains no express provision that the marshal shall be allowed two dollars for serving it. On the other hand, no provision of the federal statutes is referred to, nor has any been found by the court, which either expressly or impliedly requires the marshal to serve a complaint without compensation for such service. Under these circumstances, the officer performing such service is entitled to ask and receive a reasonable compensation therefor. 6 Op. Attys. Gen. 59; The Alice Tainter, 14 Blatchf. 227, Fed. Cas. No. 196; Crock. Sher. § 1144, and cases there cited. If the complaint were separately served, the charge of two dollars would certainly seem reasonable, since the character and extent of the service rendered is closely parallel to the cases specifically enumerated in section 829. In view of the fact, however, that both papers are served at the same time, requiring but a single expedition to find the defendant, some abatement from that charge should be made. It would be unreasonable in such cases to ask more than one dollar for serving the complaint, and, of course, since there is but a single expedition when the papers are served together, mileage should not be doubled by charging separately for each.