In re DAMON et al.

(District Court, W. D. New York. October 22, 1900.)

No. 1,316.

BANKRUPTCY — FEES OF MARSHAL — SERVICE OF PAPERS REQUIRED BY RULES OF COURT.

Where, by a rule of a federal court, service of the petition and affidavits upon which an order to show cause is based is required to be made together with such order, and the marshal makes such service in a bankruptcy proceeding, he is entitled to charge and receive a reasonable fee therefor in addition to his fee for the service of the order under Bankr. Act 1898, § 52b, although the petition cannot be considered a writ within the meaning of Rev. St. § 829; and the same fee fixed by such section for the service of a writ, where it has customarily been charged and allowed by the court, must be regarded as reasonable.

In Bankruptcy. Review of question certified to district judge under general order 27 and district court rule 23.

Frederick O. Bissel, for trustee.

HAZEL, District Judge. On August 8, 1900, petition, affidavits, and order to show cause, issued out of this court, were served on six different persons by a deputy marshal. The petition prayed for the issuance of an order to show cause why the alleged bankrupts should not be enjoined and restrained from in any manner interfering with their property. Other persons in the petition named were directed by the order to show cause why they should not be restrained and enjoined from paying to the alleged bankrupts money owing to them, or delivering to them property in their possession, and owned by the bankrupts. The order restrains such persons from so doing until the return day of the order to show cause. All the papers upon which the order was granted, including the order to show cause, at the time of service were bound together under one cover, and indorsed, "Petition, Affidavits, and Order to Show Cause." The marshal made return of service of the petition, affidavits, and order to show cause, and certified that on the date of service he delivered to and left a true copy thereof with each of the persons served. Thereafter the marshal rendered a bill for services in making the service of four dollars for each of the parties served, being a charge of two dollars for the petition and affidavits and two dollars for the order to show cause. Objection is made to the charge of the marshal on the ground that by section 829, Rev. St. U. S., it is provided that a marshal shall be permitted to charge "for service of any warrant, attachment, summons, capias or other writ, except execution, venire or a summons or subpœna for witness, two dollars for each person on whom service is made"; that because a petition is not specially mentioned in the statute, and no fee prescribed by law for the service thereof, the marshal is not permitted to make a charge therefor. By section 52b of the bankruptcy act it is provided that "marshals shall respectively receive from the estate where an adjudication in bankruptcy is made, * * * for the performance of their service in proceedings in bankruptcy, the same fees and account for them in the same way as they are entitled to receive for the performance of the same or similar service in other cases, in accordance with laws now in force or such as may hereafter be enacted fixing the compensation of marshals." It has always been the practice to serve the petition and affidavits with orders to show cause in state courts of New York (section 610, Code Civ. Proc.), and in the federal courts this practice prevails. Indeed, it is the rule to require service of the petition and affidavits on which an order to show cause in a pending action or proceeding is granted upon the person restrained or directed to show cause. Dist. Ct. Rule 57. In such case the order is the writ by which an act is required to be done or omitted. A writ is defined in Burrill's Law Dictionary to be "a judicial instrument by which the court commands some act to be done by the person to whom it is directed. * * * It is issued either at the commencement of an action or during its progress, directed to a sheriff or other ministerial officer or to the party intended to be bound by it, and commanding some act therein mentioned to be done at or within a certain time specified." Under the old English practice, writs were divided into original and judicial writs. The original writ was a mandate of the

court, constituting the foundation of the action, and the commencement of a legal proceeding. It was served upon the person named in the writ, and required his appearance in court or the performance of some act designated by the writ. Writs that were issued after the action was commenced were designated judicial writs, and were only issued out of the court in which the action was pending, or which issued the original writ. The question naturally arises whether a petition to the court in an action or legal proceeding is a writ when served upon the person named in the writ, for which a charge may be made for service pursuant to section 829, Rev. St. U. S. It cannot be claimed that the service of the petition and affidavits can be charged for as writs within the provisions of the Revised Statutes or within the definition of the word "writ." In the petition is contained the complaint or information on which the writ issues. The petition and affidavits accompanying the writ are served either by direction of the court or judge granting the writ, or are required to be served by customary rules and practice of the court. By section 918, Rev. St. U. S., the courts of the United States are empowered to make rules and orders directing the return of writs and process, and to so regulate the practice of said courts as may be fit and necessary for the advancement of justice and the prevention of delays in actions and proceedings. The requirement that petition and affidavits be served on the persons proceeded against is beneficial to all parties to the proceeding, and tends to prevent delays, and to promptly dispose of the subject-matter in issue. It was said by Judge Blatchford in The Alice Tainter, 14 Blatchf. 225, Fed. Cas. No. 196, in a case where the clerk of the court made a charge of one dollar for a calendar fee, and for which there existed no express statutory provision, that "this payment of one dollar to the clerk has always been required. It is not reasonable that the service should be performed without compensation." And the learned judge says, "Long acquiescence by the court and the bar go far to establish that the fee is a reasonable one." As we have seen, no fee is prescribed by law for the service of petition and affidavits, and yet by the rules of the federal courts all process shall be served by the marshal of the district or his deputy, or by some other person specially appointed by the court for that purpose. Thus it appears that service of the nature performed by the marshal in this case, and for which the charge in dispute is made, is contemplated to be performed by him. The service of two distinct papers was necessarily made on each person enjoined. The marshal is required to make a return for each service made, and, in the absence of an express provision of law, he should be permitted to ask and receive a reasonable compensation for the services rendered. A fee of two dollars has been received and charged in other cases for the service of petition, and two dollars for the order to show cause. Those charges, having always been made in accordance with custom and practice of United States courts, must, therefore, be regarded as reasonable. The charge for the one is fixed by statute, and the other by custom and tacit concurrence. This question was so decided in Re Burnell, 7 Biss. 275,

Fed. Cas. No. 2,171; The Alice Tainter, supra; Swancoat v. Remsen (C. C.) 76 Fed. 950; 6 Op. Attys. Gen. 59. In Re Hellmar, 4 Sawy. 163, Fed. Cas. No. 6,342, it was held that the order and petition constitute but one writ or process, and therefore but one charge may be made; but I am inclined to the reasonableness of the additional charge of two dollars for the service of the petition, including the affidavits, on each person necessarily served. So ordered.