CHARLES KARLSON, JOHN CARMICHAEL, H. B. DAVIS, NEIL MORRISON, FRANK CALVE, HENRY WILLIAMS AND WILLIAM MORRIS *v.* THE AMERICAN SCHOONER "J. M. WEATHERWAX."

### December 16, 1915.

1. *Costs—Marshal's fees and expenses—Service of petition:* In the marshal's bill for fees items of $2 each for serving copy of petition and copy of order for process are disallowed, and $1 allowed instead, following *Swanscott v. Remsen*, 76 Fed. 950, 951; 21 Dec. Comptroller, 439, 440 (Dec. 31, 1914). '

2. *Same—Same—Service of notice of monition upon publisher:* There is no authority for the marshal's charging for "service" of the notice of monition, upon the publisher. And the marshal's act in such case does not constitute a "service." *United States v. A Lot of Silk Goods*, ante, p. 137.

3. *Same—Same—Service of release and venditioni exponas:* Item of "serving release and venditioni exponas" disallowed as covered by the sale commission.

*In Admiralty:* On taxation of costs.

*G. A. Davis* for libelants.
*J. J. Smiddy*, U. S. Marshal, *pro se.*

CLEMONS, J. (Memorandum opinion).

[1] In the marshal's bill, October 7, 1915, items of $2 each for serving copy of petition and copy of order for process, are disallowed, and the item of $1 under date of October 9, is allowed in its stead: See *Swanscot v. Remsen*, 76 Fed. 950, 951; 21 Dec. Comptroller, 439, 440 (Dec. 31, 1914). And the same criticism is made of item, October 9, 1915, service of similar papers on H. A. Hyland, managing director of the ship-owner.

[2] In the marshal's bill, October 8, 1915, there is disallowed $2 for serving upon the publisher notice of monition, for publication. See *United States v. A Lot of Silk Goods*, ante, p. 137.

[3] In the marshal's bill, December 15, 1915, $4 for serving release and venditioni exponas is disallowed in toto. The latter item is covered by the sale commission which is all that the marshal can get on account of a writ of execution (the venditioni exponas). See Rev. Stat. sec. 367, subdiv. 16, and cf. Id. subdivs. 1 (particularly the language "except execution") and 6. As to the former item, though the marshal did release the vessel by discharging the custodian and turning the vessel over to the purchaser, he served no process of any kind and no order of release either formal or informal was made by the court.

The Metropolitan Meat Co. bill filed with the marshal as expenses, includes food supplies furnished between October 5 and 7, both inclusive, and between October 8 and 17 both inclusive. With the deduction of twenty per cent. made by the Meat Company, I will approve the bill as a charge, first, as against any moneys of the shipowners in court to the extent of $21.26 (net after the 20% deduction) for the first period when the men were on board and still in the ship's service; second, as against any moneys of the crew in court to the extent of $29.60 (net after 20% deduction) for the second period after the men had left the vessel. The bill could not be collected here in this way without the consent, which has been given, of the crew and of the shipowner through its proctor.

The bill of J. S. Walker, notary public, is allowed under disbursements taxable as costs, to the extent of $1.75 for taking seven oaths to libel, and $1.75 for taking seven oaths to amended libel, but disallowed as to "services attending vessel to secure signatures, $2.50."

The bill of the Seamen's Institute for $235.85 (being reasonable) for meals and lodging furnished to the crew pending suit, is approved under the crew's agreement to assign judgment to cover this amount.